## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LEONILA HAMRICK,

  Plaintiff,

v.              CIVIL ACTION NO. 2:23-cv-717

SAM'S EAST, INC.,

  Defendant.

## **PROPOSED FINDINGS & RECOMMENDATION**

  This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 2]. Pending before the Court is the Motion to Remand filed by Plaintiff Leonila Hamrick ("Plaintiff"), who is proceeding pro se. [ECF No. 5]. Defendant Sam's East, Inc. ("Defendant") filed a timely brief in response [ECF No. 6] and Plaintiff filed a timely Reply [ECF No. 10]. Consequently, this matter is now ripe for adjudication. For the reasons set forth herein, it is respectfully **RECOMMENDED** that Plaintiff's motion be **DENIED**.

**I.**

  Defendant removed the instant civil action to this Court by filing a Notice of Removal ("Notice") from the Circuit Court of Kanawha County, West Virginia (the "State

Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [ECF No. 1]. In support of removal, Defendant's Notice states that Plaintiff—a former employee of the Defendant—alleges in her Complaint "that she was harassed and discriminated against because she is Filipina, that Defendant created a hostile work environment, and that she was wrongfully terminated in violation of the West Virginia Human Rights Laws." [ECF Nos. 1; 1-1 at 2-3]. According to Defendant, removal is appropriate "based on diversity jurisdiction . . . under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states." [ECF No. 1 at 2]. Although Plaintiff's Complaint "does not demand a specific amount of damages," Defendant's Notice points to the allegations in the Complaint regarding Plaintiff's alleged damages, as well as amounts awarded in other similar cases in support of Defendant's assertion that, "[b]ased upon a fair reading of the Complaint, this action more likely than not involves more than $75,000." *Id.* at 3-4. Specifically, Defendant notes as follows:

> In the Complaint, Plaintiff alleges that as a "direct and proximate result of the unlawful discrimination by the Defendant, I have suffered depression, stress and other illnesses. As a direct and proximate result of the unlawful discrimination by the Defendant, I was wrongfully terminated and suffered financial damages." She "demands damages" for Defendant's alleged "wrongful actions."
>
> As to Plaintiff's alleged damages for emotional distress, amounts awarded in other similar cases are persuasive. In wrongful discharge cases, the Supreme Court of Appeals of West Virginia has upheld awards for emotional distress damages based on allegations similar to those in the Complaint. *See Mace v. Charleston Area Med. Ctr. Found., Inc.*, 422 S.E.2d 624, 633 (W. Va. 1992) ($50,000); *Rodriguez v. Consolidation Coal Co.*, 524 S.E.2d 672, 681 (W. Va. 1999) ($75,000); *Page v. Columbia Nat. Res., Inc.*, 480 S.E.2d 817, 835 (W. Va. 1996) ($150,000).

[ECF Nos. 1; 1-1]. Additionally, the Notice asserts the following regarding the parties' states of citizenship:

> Plaintiff and Sam's Club are citizens of different States under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of West Virginia and Sam's Club is a citizen of Arkansas . . . .
>
> Plaintiff states in the Complaint: "At all relevant times she is and was a resident of Kanawha County, West Virginia." (Ex. A, Compl. ¶ 1.) As of November 3, 2023, she was registered to vote in West Virginia, according to the West Virginia Secretary of State's Website. (Exhibit C.) The Sheriff of Kanawha County, West Virginia's online tax record search shows that Plaintiff most recently paid personal property taxes in Kanawha County, West Virginia, on September 1, 2023. (Exhibit D.) The totality of the circumstances show that Plaintiff is domiciled in West Virginia and, therefore, is a West Virginia citizen. . . .
>
> Defendant is a corporation incorporated under the laws of Arkansas, with its princip[al] place of business in Bentonville, Arkansas. Accordingly, for removal purposes, Defendant is, and has been at all relevant times, a citizen of Arkansas.

[ECF No. 1 at 3-4]. Defendant's exhibits attached to the Notice include Plaintiff's West-Virginia driver's license; several Internal Revenue Service ("IRS") and West Virginia income tax forms listing Plaintiff as the taxpayer for the year 2020; a printout from the West Virginia Secretary of State's Polling-Place search results showing that Plaintiff was registered to vote in West Virginia as of November 3, 2023; and a Personal-Property tax bill from the Kanawha County Sheriff's Tax Office for the tax year 2023 listing Plaintiff as the property owner. [ECF Nos. 1-1; 1-3; 1-4].

Shortly after Defendant removed the action, Plaintiff filed a handwritten document titled "Requesting to Keep This Case to the Circuit Court of West Virginia Circuit Court," which the undersigned construes as a motion to remand. [ECF No. 5]. Therein, Plaintiff asserts several arguments directed to the merits of her discrimination claim, reiterates several allegations from the Complaint, and sets forth additional allegations of personal injury and damages related to her employment with Defendant. Notably, the motion also sets forth an additional prayer for relief, "asking a million dollars for the mental[] abuse

of the Defendant and for the physical damage," as well as "asking $ million dollars for the punity [*sic*] damages[.]" *Id.* at 2-3.

In its response brief, Defendant underscores that Plaintiff's motion does not challenge the factual assertions in the Notice, including Defendant's assertions regarding the parties' citizenship or the amount in controversy. [ECF No. 6]. Pointing to the multimillion-dollar prayer for relief in Plaintiff's motion, Defendant argues that, ironically, the motion provides additional proof that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied in this matter. *Id.* at 2.

On June 3, 2024, after obtaining an extension of time from the Court, Plaintiff filed a handwritten reply in support of her motion to remand. [ECF No. 10]. While Plaintiff reiterates therein her request that the Court remand this case to "the circuit court where originally filed," the substance of the reply merely echoes the Plaintiff's motion to remand. *See id.* Specifically, Plaintiff's reply brief asserts several arguments directed to the merits of her discrimination claim, along with reiteration of her allegations in the Complaint, additional allegations of personal injury and damages, and additional prayers for relief. *Id.* at 1. For instance, Plaintiff asserts that the alleged discrimination by Defendant caused her to suffer from depression, and that she sustained personal injuries when she fell from a ladder while cleaning a yogurt machine which resulted in injury to her foot and hip. *Id.*

## II.

It is a "fundamental precept" that the federal district courts "are courts of limited jurisdiction," constrained to exercise subject-matter jurisdiction solely pursuant to the original jurisdiction conferred by Article III of the Constitution and affirmatively granted by federal statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). In most civil cases,

4

the federal district courts generally exercise two relevant categories of subject-matter jurisdiction: "federal question jurisdiction" pursuant to 28 U.S.C. § 1331, in which the action "arises under the Constitution, laws, or treaties of the United States," or "diversity jurisdiction" pursuant to 28 U.S.C. § 1332, in which "the matter in controversy exceeds the sum or value of" a monetary amount set by Congress—which is currently "$75,000, exclusive of interest and costs"—and, as relevant, is between "citizens of different States." 28 U.S.C. § 1332(a)(1). In light of the narrow scope of original subject-matter jurisdiction, there is no presumption that a federal district court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Instead, "the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Rockwell Mining, LLC, v. Pocahontas Land LLC*, 2:20-cv-00487, 2020 WL 7489758, at *2 (S.D. W. Va. Dec. 21, 2020) 2020 WL 7489758, at *2 (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

The same principles generally apply when the action is in federal court by operation of removal from a state court pursuant to 28 U.S.C. § 1441(b). *See Fenton v. Food Lion, Inc.*, 3:02-cv-17, 2002 WL 1969662, at *3 (W.D. Va. Aug. 23, 2002) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). In fact, the standard is even more strict when the matter is in federal court by removal, as "removal jurisdiction raises a significant federalism concern, because the removal of civil cases to federal court infringes upon state sovereignty." *Fenton*, 2002 WL 1969662, at *2 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey v. Columbia Organic Chem.* Co., 29 F.3d 148, 151 (4th Cir. 1994)). In light of the federal courts' limited jurisdiction and the "clear intention" of Congress "to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," the "clear and

5

undisputed rule [is] that removal statutes must be strictly construed against removal." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *Castle v. Laurel Creek Co.*, 848 F. Supp. 62, 65 (S.D. W. Va. 1994) (emphasis in original).

As a defendant who removes an action to federal court under § 1441(b) bears the burden of proving subject-matter jurisdiction, the defendant's notice must set forth a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a)-(b). *See also Mulcahey*, 29 F.3d at 151; *Contreras v. Thor Norfolk Hotel, LLC*, 292 F. Supp. 2d 794, 798 (E.D. Va. 2003) (finding defendant's notice of removal "set forth enough information for the Court to determine whether subject-matter jurisdiction exists under § 1332"). Furthermore, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction"—even if federal jurisdiction is merely "doubtful"—the Fourth Circuit explained that "the case shall be remanded" by the federal district court, necessarily. *Mulcahey*, 29 F.3d at 151 (citing 28 U.S.C. § 1447(c)).

### III.

Pursuant to this standard, in order to demonstrate that this Court has original subject-matter jurisdiction in this case under § 1332, as relevant, Defendant must establish two elements: that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (the "amount-in-controversy" element), and is between citizens of different states (the "citizenship" element). 28 U.S.C. § 1332(a)(1).

Turning first to the citizenship element, Defendant has established that the parties are citizens of different States. It is undisputed that Defendant is a citizen of Arkansas, the well-known location of both its place of incorporation and its principal place of business. Likewise, it is undisputed that Plaintiff is a citizen of West Virginia. Plaintiff alleges in the Complaint that she is a West Virginia resident. [ECF No. 1-1 at 1]. While

residency alone is insufficient to establish a party's domicile for the purposes of diversity jurisdiction, Defendant furnished evidence showing that West Virginia is also the location where Plaintiff is registered to vote and where she has paid personal-property taxes. *See Griffin v. Matthews*, 310 F. Supp. 341, 353 (M.D.N.C. 1969), *aff'd*, 423 F.2d 272 (4th Cir. 1970); *Bloom v. Libr. Corp.*, 112 F. Supp. 3d 498, 503 (N.D. W. Va. 2015). Taken together under the totality of the circumstances, there is sufficient evidence demonstrating that Plaintiff has an intent to remain in West Virginia indefinitely. *Griffin*, 310 F. Supp. at 353. Coupled with Plaintiff's undisputed residency in West Virginia, Defendant has easily met its burden to demonstrate that Plaintiff is domiciled in West Virginia and thus that the parties are diverse in citizenship from one another—satisfying the first prong of 28 U.S.C. § 1332(a)(1).

Next, turning to the "amount-in-controversy" element, Defendant has established that the matter in controversy in the instant action exceeds the sum or value of $75,000, exclusive of interest and costs. As the U.S. Supreme Court has explained, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, Plaintiff not only failed to dispute or otherwise challenge the amount in controversy, but she further bolstered a finding that the amount exceeds the jurisdictional threshold by expressly seeking relief amounting to several million dollars in her motion to remand as well as in her reply brief. [*See* ECF Nos. 5; 10]. The undersigned's own review of the record presents no indication that "federal jurisdiction is doubtful." *Dixon*, 369 F.3d at 816.

Under the circumstances, therefore, Defendant's notice of removal was only required to include "a plausible allegation that the amount in controversy exceeds the

7

jurisdictional threshold [of $75,000]." *Dart Cherokee*, 574 U.S. at 89. Defendant's jurisdictional allegations in the Notice easily satisfy the Supreme Court's plausibility standard. Defendant pointed to the allegations in the Complaint regarding Plaintiff's alleged damages, as well as amounts awarded in other similar cases, providing a logical and sound basis for its allegation that this matter exceeds the jurisdictional threshold. Defendant thus met its burden to satisfy the second element of 28 U.S.C. § 1332.

Defendant's Notice of Removal properly set forth the grounds for removal, and carried its burden to demonstrate that this Court may properly exercise subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Plaintiff, on the other hand, has not offered any argument or evidence to overcome Defendant's jurisdictional showing. As Defendant underscored in its response brief, Plaintiff failed to challenge—or even address—any of the factual assertions in Defendant's Notice. Moreover, Plaintiff specifically did not dispute Defendant's assertions regarding the parties' citizenship or the amount in controversy, declining to address the issue of subject-matter jurisdiction at all. Nor did Plaintiff provide any argument, evidence, or other basis for remand. Accordingly, the undersigned **FINDS** that Plaintiff's motion is baseless, and remand is improper.

### IV.

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand [ECF No. 5] be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Senior United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of

the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Copenhaver and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record and any unrepresented party.

ENTER:   June 10, 2024

Dwane L. Tinsley
United States Magistrate Judge