UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

LEONILA HAMRICK,

    Plaintiff,

v.                                                CIVIL ACTION NO. 2:23-cv-00717

SAM'S EAST, INC.,
*doing business as*
SAM'S CLUB,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Sam's East, Inc., d/b/a Sam's Club ("Sam's"), Motion for Summary Judgment, filed on April 17, 2025. [ECF 28].

Ms. Hamrick instituted this action in the Circuit Court of Kanawha County on September 29, 2023. [ECF 1]. Sam's removed based on diversity jurisdiction on November 3, 2023. [ECF 1]. The case was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on August 19, 2025. [ECF 37]. Magistrate Judge Tinsley recommended that the Court grant Sam's Motion for Summary Judgment and remove this matter from the docket. [*Id.*]. Objections were due September 5, 2025. Ms. Hamrick's objections were filed on September 12, 2025. [ECF 38].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See *Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Ms. Hamrick's objection fails to direct the Court to any specific errors in the PF&R. In her 27-page filing, Ms. Hamrick expounds on factual details, seemingly in response to the PF&R and other discovery proceedings. [ECF 38]. Ms. Hamrick describes the procedural history, explains her perspective of certain incidents, and realleges her demands for relief. [*Id.*]. However, none of these details guide the Court toward the errors that Ms. Hamrick would like the Court to correct. The only objection states "to the Sam's Club recomenation [sic] to assign the case to Honorable Frank W. Volk. To also not grant for the dismissed the case." [*Id.* at 1]. Because the

grounds for objection are not sufficiently clear, the Court need not conduct a review of Magistrate Judge Tinsley's PF&R.

Accordingly, the Court **OVERRULES** Ms. Hamrick's objections and **GRANTS** the Motion for Summary Judgment. [**ECF 28**].

The Court **DIRECTS** the Clerk to send a copy of this Order to any counsel of record and any unrepresented party.

ENTER:            October 14, 2025

Frank W. Volk
Chief United States District Judge